IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No.:

| | |
|---|---|
| STUART A. GLOVER, III,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   **NOTICE OF REMOVAL** |
| | ) |
| NORTH CAROLINA DEPARTMENT<br>OF TRANSPORTATION,<br>    Defendant. | )<br>)<br>)<br>) |

Now comes the Defendant, North Carolina Department of Transportation, and gives notice of the removal to this Court of a matter filed on November 15, 2012, in the Superior Court Division of Wake County, North Carolina (bearing Wake County File No.: 12 CVS 015971), pursuant to 29 U.S.C. § 621 *et seq.* Attached and incorporated by reference are a copy of Plaintiff Stuart A. Glover III's Complaint and a copy of the summons issued to the Defendant Department of Transportation.

As grounds for removal, the Defendant shows the Court as follows:

1.    In paragraphs No. 2 through 9 of the Complaint, and in the Prayer for Relief, the Plaintiff cites as jurisdiction, the federal Age Discrimination in Employment Act of 1967, codified as amended at 29 U.S.C. § 621 *et seq.*.

2.    The U.S. District Courts have original jurisdiction of civil actions based upon federal law per 28 U.S.C. § 1331; and, therefore, over this case.

WHEREFORE, the Defendant North Carolina Department of Transportation, the sole defendant in this action, notices the removal of this matter from the Superior Court of Wake County, North Carolina to the United States District Court for the Eastern District of North

1

Carolina.

This the 13th day of December, 2012.

ROY COOPER
ATTORNEY GENERAL

*/s/ Thomas H. Moore*

Thomas H. Moore
Assistant Attorney General
North Carolina Department of Justice
Transportation Section
1505 Mail Service Center
Raleigh, NC 27699-1505
N.C. State Bar No. 21202
Email: Tmoore@ncdoj.gov
Telephone: (919) 707-4486
Facsimile: (919) 715-3870

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| WAKE COUNTY | SUPERIOR COURT DIVISION |

12CV015971

FILED 2012 NOV 15 PM 4:09 WAKE COUNTY, C.S.C.

STUART GLOVER III, )
BY_____ )
Plaintiff, )
) **COMPLAINT**
v. ) (Jury Trial Requested)
)
NORTH CAROLINA DEPARTMENT OF )
TRANSPORTATION, )
)
Defendant. )

RECEIVED
NOV 26 2012
DEPT OF TRANSPORTATION
PROCESS AGENT

NOW COMES Plaintiff Stuart A. Glover ("Mr. Glover"), complaining of Defendant North Carolina Department of Transportation ("the Department"), and alleges as follows:

## I. INTRODUCTION

1. This action is brought to remedy discrimination against Mr. Glover in the terms, conditions, and privileges of employment, and to recover damages he suffered as a result of age discrimination, retaliation and unlawful employment practices.

2. This <u>Complaint</u> is brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (as amended)(hereinafter "ADEA"). Jurisdiction is conferred upon this Court by 29 U.S.C. § 626.

3. Mr. Glover is a citizen of Wilson, Wilson County, North Carolina.

4. The Department is an agency of the State of North Carolina, employs more than 500 people, and is an employer as defined by the ADEA. The Department's primary office is located in Raleigh, Wake County, North Carolina. Hence, venue lies in Wake County.



## II. EEOC PROCESS

5. Mr. Glover timely filed a Charge of Discrimination, EEOC charge number 433-2011-02306, ("Charge 1"), against the Department with the Equal Employment Opportunity Commission ("EEOC"), complaining of age discrimination and retaliation, a copy of which is attached hereto as **Exhibit A**. Charge 1 was filed on May 13, 2011, within the 180-day jurisdictional limitation for investigation by the EEOC of the events that occurred in April 2011 and thereafter.

6. On or about August 17, 2012, the EEOC issued a Right to Sue Letter, a copy of which is attached hereto as **Exhibit B**.

7. Mr. Glover timely filed a Charge of Discrimination, EEOC charge number 14B-2011-00066, ("Charge 2"), against the Department with the EEOC, complaining of age discrimination, a violation of NCGS 7A-759 (b1), and retaliation, a copy of which is attached hereto as **Exhibit C**. Charge 2 was filed on October 7, 2011, within the 180-day jurisdictional limitation for investigation by the EEOC of the events that occurred in April 2011 and thereafter.

8. On or about August 17, 2012, the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached hereto as **Exhibit D.**

9. Mr. Glover has exhausted all available administrative remedies. This Complaint is filed within the requisite time period for filing the ADEA claim.

## IV. STATEMENT OF FACTS

10. Mr. Glover began working for the Department on or about June 7, 2003 and currently works as an Engineering / Agricultural Technician (Technician II) based at the Department of Transportation office on Airport Boulevard, Wilson, North Carolina.

**The facts pertinent to Charge 1 are as follows:**

11. Mr. Glover is sixty (60) years old.

12. Walter Everett, Mr. Glover's co-worker, is also an Engineering / Architectural Technician, and the two share the same job responsibilities. Mr. Everett's annual salary is greater than Mr. Glover's annual salary.

13. Mr. Glover is older than Mr. Everett. However, Mr. Glover also has more education than Mr. Everett, and the two have comparable experience.

14. Mr. Glover discussed his concern that this pay disparity was a result of age discrimination with his supervisor Richard Polythress between January 2011 and February 2011. Mr. Glover was told that nothing could be done and that he should stop asking about the disparity.

15. On or about April 13, 2011 Mr. Glover discussed his concerns about age discrimination with Charles Brown, State Location and Surveys Engineer. Mr. Brown dismissed his concerns saying that nothing could be done and that he was sure age had nothing to do with it.

16. To date Mr. Glover is paid less than Mr. Everett.

17. On May 13, 2011 Mr. Glover filed a Charge of Discrimination with the EEOC regarding these events (Exhibit A).

18. On or about May 10, 2011, Mr. Glover was issued "Documented Counseling" by Mr. Brown. Nothing in Mr. Glover's work performance or conduct warranted these measures; rather, they were issued in retaliation against Mr. Glover for complaining of discrimination based on his age.

3

**The facts pertinent to Charge 2 are as follows:**

19. On May 13, 2011 Mr. Glover filed a Charge of Discrimination with the EEOC alleging age discrimination and retaliation (Exhibit A).

20. On April 18, 2011, Mr. Glover applied for the Vehicle/ Equipment Technician Supervisor Position.

21. On June 29, 2011 Mr. Glover learned that Joseph Robert Dail, Jr. (Age: 39) had been selected for the position.

22. This instance was one of five (5) in which Mr. Glover was passed over for a supervisory position that was filled by a candidate who was both lesser qualified and at least ten (10) years younger than Mr. Glover.

23. At least three (3) of these incidents were the result of unfair evaluations as well as the denial of Veteran's preference.

24. These unfair evaluations constitute acts of retaliation insofar as they directly correlate with Mr. Glover's filing a previous grievance alleging age discrimination.

## V. FIRST CLAIM FOR RELIEF

### (ADEA -- Discrimination)

25. Mr. Glover adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

26. Being over forty (40) years of age, Mr. Glover is a member of a protected class.

27. Mr. Glover was subjected to age discrimination by the Department of Transportation.

28. The discrimination was based on Mr. Glover's age.

29. Mr. Glover communicated to his supervisors that he felt that he was being discriminated against on the basis of his age, but they dismissed his concerns and he continued to be passed over for promotions for which his experience and education qualified him.

30. The Department's actions constitute discrimination against Mr. Glover on the basis of his age.

31. The Department is liable to Mr. Glover for the acts of its managers.

32. Mr. Brown took uncalled for action against Mr. Glover as a result of the latter's complaints, thereby abusing his position of authority as a Department manager.

33. Mr. Glover has suffered compensatory damages in an amount exceeding $10,000 as a proximate result of the conduct of the Department as alleged herein.

34. Mr. Glover is entitled to recover reasonable attorneys' fees as necessary for the prosecution of this action.

## VI. SECOND CLAIM FOR RELIEF

### (ADEA -- Retaliation)

35. Mr. Glover adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

36. Mr. Glover's filing charges of discrimination against the Department of Transportation led to a tangible employment action, namely, his being passed over for multiple positions.

37. The Department's actions described in paragraphs 11 – 24 constitute retaliation against Mr. Glover.

38. The Department is liable to Mr. Glover for the acts of its managers.

39. Mr. Glover has suffered compensatory damages in an amount exceeding $10,000 as a proximate result of the conduct of the Department as alleged herein.

40. Mr. Glover is entitled to recover reasonable attorneys' fees as necessary for the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Glover respectfully requests the following relief:

41. Declare that the acts and practices complained of herein are in violation of the ADEA.

42. Order a permanent injunction prohibiting Defendant from further acts of age discrimination;

43. Award Mr. Glover appropriate back pay, future earnings, and reimbursement for income and benefits lost since the denial of the promotion, plus interest so as to render Mr. Glover whole;

44. Award Plaintiff costs of litigation, including reasonable attorney and witness fees;

45. Grant judgment against Defendant, in excess of Ten Thousand Dollars ($10,000.00) for compensatory damages to which Plaintiff is found to be entitled, together with interest;

46. A trial by jury on all issues so triable; and

47. Any other additional relief that is appropriate and just.

Respectfully submitted, this the 15th day of November, 2012.

                    SCHILLER & SCHILLER, PLLC

By:    /s/ David G. Schiller
                   David G. Schiller (NCSB # 26713)
                   Professional Park at Pleasant Valley
                   5540 Munford Road, Suite 101
                   Raleigh, North Carolina 27612
                   Telephone: (919) 789-4677
                   Facsimile:  (919) 789-4469
                   Email: dgschiller@yahoo.com

                   <u>Attorney for Plaintiff Stuart Glover</u>

SCHILLER & SCHILLER PLLC
Professional Park at Pleasant Valley
5540 Munford Rd, Suite 101
Raleigh, NC 27612

**CERTIFIED MAIL**

7010 0290 0002 6796 4531

U.S. POSTAGE PAID
RALEIGH, NC 27676
NOV 16, 12
AMOUNT
$5.95

Route
**Route 4**
Delivery Point
**Transportation**
1501

7010029000267964531
W100006HMI

Ms. Sarah Mitchell due Process Agent Dept. of Transportation
Transportation Building, 1 South Wilmington St.
1501 Mail Service Center
Raleigh, NC 27699-1501

RECEIVED
NOV 27 2012
DEPT. OF JUSTICE
TRANSPORTATION

RECEIVED
NOV 26 2012
DEPT OF TRANSPORTATION
PROCESS AGENT

| STATE OF NORTH CAROLINA | File No. 12CV015971 |
|---|---|
| Wake County | In The General Court Of Justice<br>[ ] District [X] Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| Stuart A. Glover III | |
| Address | **CIVIL SUMMONS** |
| 4343 NC HWY 42 East | [ ] ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Wilson, NC 27893 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | Date Original Summons Issued |
| Name Of Defendant(s) | |
| North Carolina Department of Transportation | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Sarah Mitchell due Process Agent for Dept of Transportation<br>Transportation Building, 1 South Wilmington Street<br>1501 Mail Service Center<br>Raleigh, NC 27699-1501 | **RECEIVED**<br>NOV 26 2012<br>DEPT OF TRANSPORTATION<br>PROCESS AGENT |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | [ ] AM |
|---|---|---|---|
| Mr. David G. Schiller | 11-15-2012 | 4 | [X] PM |
| 5540 Munford Road, Suite 101 | Signature | | |
| Raleigh, NC 27612 | [X] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court | | |

| [ ] ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | [ ] AM<br>[ ] PM |
|---|---|---|---|
| | Signature<br>**RECEIVED**<br>[ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court | | |

NOV 27 2012
DEPT. OF JUSTICE
TRANSPORTATION

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts
(Over)

COPY

| STATE OF NORTH CAROLINA | File No. 12CV015971 |
|---|---|
| Wake County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

FILED
2012 NOV 15 PM 4:07
WAKE COUNTY, C.S.C.

**Name And Address Of Plaintiff 1**
Stuart A. Glover III
4343 NC HWY 42 East
Wilson, NC 27893

**Name And Address Of Plaintiff 2**

## GENERAL
## CIVIL ACTION COVER SHEET
☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Mr. David G. Schiller
5540 Munford Road, Suite 101
Raleigh, NC 27699-1501

**VERSUS**

**Name Of Defendant 1**
NC Department of Transportation
Transportation Building, 1 South Wilmington Street
1501 Mail Service Center
Raleigh, NC 27699-1501

| Telephone No. 919-789-4677 | Cell Telephone No. |
|---|---|
| NC Attorney Bar No. 27613 | Attorney E-Mail Address schillerfirm@gmail.com |

**Summons Submitted** ☒ Yes ☐ No

☒ Initial Appearance in Case ☐ Change of Address

**Name Of Defendant 2**

**Name Of Firm** Schiller & Schiller PLLC
**FAX No.** 919-789-4469
**Counsel for**
☒ All Plaintiffs ☐ All Defendants ☐ Only (List party(ies) represented)

**Summons Submitted** ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING

(check all that apply)
☐ Amend (AMND) Assess Motions Fee (SEE NOTE)
☐ Amended Answer/Reply (AMND-Response) Assess Motions Fee (SEE NOTE)
☐ Amended Complaint (AMND) Assess Motions Fee
☐ Answer/Reply (ANSW-Response) (SEE NOTE)
☐ Change Venue (CHVN) Assess Motions Fee
☐ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL) Assess Motions Fee
☐ Contempt (CNTP) Assess Motions Fee
☐ Continue (CNTN) Assess Motions Fee
☐ Compel (CMPL) Assess Motions Fee
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (List On Back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD) Assess Motions Fee
☐ Extend Statute Of Limitations, Rule 9 (ESOL) Assess Motions Fee
☐ Extend Time For Complaint (EXCO) Assess Motions Fee

(check all that apply)
☐ Failure To Join Necessary Party (FJNP) Assess Motions Fee
☐ Failure To State A Claim (FASC)
☐ Improper Venue/Division (IMVN) Assess Motions Fee
☐ Intervene (INTR) Assess Motions Fee
☐ Interplead (OTHR) Assess Motions Fee
☐ Lack Of Jurisdiction (Person) (LJPN) Assess Motions Fee
☐ Lack Of Jurisdiction (Subject Matter) (LJSM) Assess Motions Fee
☐ Rule 12 Motion In Lieu of Answer (MDLA) Assess Motions Fee
☐ Sanctions (SANC) Assess Motions Fee
☐ Set Aside (OTHR) Assess Motions Fee
☐ Show Cause (SHOW) Assess Motions Fee
☐ Transfer (TRFR) Assess Motions Fee
☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
☐ Vacate/Modify Judgment (VCMD) Assess Motions Fee
☐ Withdraw as Counsel (WDCN) Assess Motions Fee
☒ Other (specify and list each separately)

ADEA

NOTE: See Side Two for a list of motions not subject to the motions fee.
NOTE: Assess fee only if court permission is required to amend.

### CLAIMS FOR RELIEF

☐ Administrative Appeal (ADMA)
☐ Appointment Of Receiver (APRC)
☐ Attachment/Garnishment (ATTC)
☐ Claim And Delivery (CLMD)
☐ Collection On Account (ACCT)
☐ Condemnation (CNDM)
☐ Contract (CNTR)
☐ Discovery Scheduling Order (DSCH)

☐ Injunction (INJU)
☐ Medical Malpractice (MDML)
☐ Minor Settlement (MSTL)
☐ Money Owed (MNYO)
☐ Negligence - Motor Vehicle (MVNG)
☐ Negligence - Other (NEGO)
☐ Motor Vehicle Lien G.S. 44A (MVLN)

☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
☐ Possession Of Personal Property (POPP)
☐ Product Liability (PROD)
☐ Real Property (RLPR)
☐ Specific Performance (SPPR)
☐ Other (specify and list separately)

| Date November 15, 2012 | Signature Of Attorney/Party |
|---|---|

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752) or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 6/11, © 2011 Administrative Office of the Courts (Over)

Case 5:12-cv-00799-FL Document 1 Filed 12/13/12 Page 12 of 13

# CERTIFICATE OF SERVICE

I do hereby certify that I have served copies of the foregoing, **Notice of Removal** and attached **Complaint And Demand For Jury Trial**, on the Plaintiff via his counsel of record and the Wake County Clerk of Superior Court, by placing said document in the United States mail, first-class postage prepaid addressed as follows:

    David G. Schiller
    Schiller & Schiller, PLLC
    Professional Park at Pleasant Valley
    5540 Munford Road, Suite 101
    Raleigh, North Carolina 27612

    Wake County Clerk of Superior Court
    Wake County Courthouse
    P.O. Box 351
    Raleigh, North Carolina 27602-0351

This the 13th day of December, 2012.

                                            */s/ Thomas H. Moore*
                                            Thomas H. Moore
                                            Assistant Attorney General